IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COURTNEY ANTONIO BURGESS,
    Petitioner,

v.                                          Case No.  5:11cv79/RS/CJK

PAIGE AUGUSTINE,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  Respondent moves to dismiss the petition as moot.  (Doc. 16).  Petitioner has not responded, although given the opportunity to do so.  (Doc. 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition is moot and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was sentenced on January 23, 2006, in the United States District Court for the Middle District of Georgia to 43 months imprisonment followed by 3 years supervised release for violating 18 U.S.C. §§ 922(g) & 924(a)(2), Possession of a Firearm by a Convicted Felon.  (Doc. 1; Doc. 12, Farr Decl., Attach. 5).  Petitioner was incarcerated at the Federal Correctional Institution in Marianna, Florida, at the

time he commenced this action on March 16, 2011.  Petitioner has since been released.  (Docs. 17, 18).  The petition challenges the accuracy of petitioner's sentence computation.  Petitioner argues that the Federal Bureau of Prisons ("BOP") failed to credit his federal sentence for time petitioner served in state custody on a subsequently imposed state sentence.  As relief, petitioner seeks immediate release.  (Doc. 1, p. 6).  Petitioner essentially seeks a *nunc pro tunc* designation whereby the BOP designates petitioner's state facility for service of his federal sentence, resulting in petitioner's immediate release.  Respondent moves to dismiss the petition as moot, because a *nunc pro tunc* designation was granted on August 8, 2011, and petitioner was released from federal custody on August 9, 2011.  (Doc. 16, Ex. 1).

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  The case-or-controversy limitation serves "two complementary" purposes – it limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." *Geraghty*, 445 U.S. at 396 (internal quotations and citation omitted).  Likewise, mootness has two aspects: "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotations and citation omitted).  If an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS*, 296 F.3d 1237,

1242 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (citation omitted)).

Petitioner's ultimate objective in bringing this habeas action was a determination that his federal sentence commenced on a date which would result in his immediate release from incarceration. There is no longer a case or controversy to litigate, because the BOP made such a determination and petitioner received the relief he seeks – a *nunc pro tunc* designation and immediate release. *See, e.g., Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also, e.g., Smith v. United States*, No. 5:10cv85/LC/EMT, 2011 WL 4809599 (N.D. Fla. Sept. 6, 2011), *Report and Recommendation adopted*, 2011 WL 4809483 (N.D. Fla. Oct. 11, 2011) (dismissing § 2241 petition as moot where petitioner received the relief he sought, namely, *nunc pro tunc* designation of a state facility for service of his federal sentence resulting in his immediate release); *Crease v. Augustine*, No. 4:07cv169/SPM/WCS, 2008 WL 688964 (Mar. 11, 2008) (same).

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 16) be GRANTED.
2. That the habeas petition (doc. 1) be DISMISSED as moot.
3. That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of July, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).